UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:12-CV-22-SNLJ |
| ) | |
| REGINA ROBERTS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter arises out of an insurance coverage dispute. Plaintiff Nautilus Insurance Company seeks a declaratory judgment against its insured, David M. Robertson American Legion Post No. 87 ("American Legion"), and two tort claimants Regina Roberts and Derek Fox, stating that it does not owe American Legion a defense or indemnity as a result of the claims of Roberts and Fox. Plaintiff has filed a motion for summary judgment (#9). American Legion is currently in default, and neither Roberts nor Fox has responded to plaintiff's motion.

### I.  Background

The underlying facts are not disputed. On November 8, 2009, Robert Steele was a patron and guest at American Legion's bar. American Legion, through its agents, servants and employees, served, is alleged to have sold and dispensed alcohol to Robert Steele while he was visibly intoxicated. Immediately after leaving the American Legion, Robert Steele drove home, caused his motor vehicle to cross the center line of the road, and struck a motor vehicle operated by Roberts and occupied by Derek and Devin Fox. As a result of the above-described motor

vehicle collision, Devin Fox suffered severe injuries which resulted in his death. Roberts and Fox sustained personal injuries and subsequently brought a lawsuit against American Legion alleging that American Legion was liable for serving liquor to Mr. Steele, who later caused the accident resulting in their injuries.

At the time of the above-described accident on November 8, 2009, American Legion was insured under Commercial General Liability policy number NC832290 with Nautilus Insurance Company. The Nautilus Policy contains the following insuring agreement with respect to Commercial General Liability coverage:

> COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE
> 1. Insuring Agreement
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
> 1) The amount we will pay for damages is limited as described in Section III - Limits of Insurance; and
>
> 2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided under Supplementary Payments - Coverages A and B.

The Nautilus policy also includes an exclusion for "Total Liquor Liability," which excludes from coverage

> "Bodily injury" or "property damage" for which any insured or his indemnitee may be held liable by reason of:

      1) Causing or contributing to the intoxication of any person;

      2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

      3) Any statute, ordinance, or regulation to the sale, gift, distribution or use of alcoholic beverages.

As of November 8, 2009, American Legion was licensed to sell alcohol through the State of Missouri and through the County of Ripley in the State of Missouri. At that time, American Legion charged patrons for alcoholic beverages sold at the bar, employed two bartenders, and was open from 3:00 p.m. until at least 9:00 p.m. seven days per week, which totaled a minimum of 42 hours per week.

## II.    Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). "Because the interpretation and construction of insurance policies is a matter of law, the issue of whether the duty to defend or indemnify exists under a policy is particularly amenable to summary judgment." *Newyear v. Church Ins. Co.*, 155 F.3d 1041, 1043 (8th Cir. 1998).

## III.    Discussion

Nautilus seeks a declaratory judgment that its policy with American Legion does not cover Roberts and Fox's claims against American Legion.[1] Roberts and Fox's claims against

---

[1] The Court notes that plaintiff seeks summary judgment against all defendants, and, at the same time, it seeks a default judgment against defendant American Legion. Nothing in Federal Rule of Civil Procedure 56 appears to prevent a party from seeking summary judgment against a

American Legion stem from their allegation that American Legion served alcohol to Robert Steele while Mr. Steele was visibly intoxicated, and that, later, Mr. Steele caused a motor vehicle accident that resulted in the death of Devin Fox and injuries to Roberts and Derek Fox.

Nautilus contends that its insurance policy with American Legion specifically excludes from coverage claims like those brought by Roberts and Fox, and that, as a result, Nautilus owes American Legion neither indemnification nor a defense against Roberts and Fox's claims.

As an initial matter, in a diversity case arising out of a Missouri state court action such as this one, Missouri substantive law governs. *Freeman v. State Farm Mutual Auto Ins. Co., Inc.*, 436 F.3d 1033, 1034 (8th Cir. 2006). Under Missouri law, insurance coverage is a question of law. *Keisker v. Farmer*, 90 S.W.3d 71, 74 (Mo. banc 2002). Generally, a liability insurance policy binds an insurer to two potential obligations: the duty to defend and the duty to indemnify. An insurer's duty to defend exists when the petition states some grounds of liability covered by its insurance policy. *Woods v. Safeco Ins.Co. of America*, 980 S.W.2d 43, 46 (Mo. Ct. App. 1998). The duty to defend is determined by comparing the language of the insurance contract with the allegations of the petition. *Standard Artificial Limb, Inc. v. Alliance Ins. Co.*, 895 S.W.2d 205, 210 (Mo. Ct. App. 1995). If the petition alleges facts which state a claim that is potentially within the policy's coverage, a duty to defend exists. *Woods*, 980 S.W.2d at 47.

---

party in default, and other district courts in this Circuit have done so, even without proof of service of the motion on the party in default. *See, e.g.*, *Allstate Ins. Co. v. Davis*, No. 5:08-CV-00039-WRW, 2008 WL 2428871, *1 (E.D. Ark. June 12, 2008) (holding that no insurance coverage existed and no duty to defend existed, and thus granting summary judgment against a party in default). Here, plaintiff certifies that it has served American Legion with its motion for summary judgment.

4

A liability insurer has a duty to defend an insured when the insured is exposed to potential liability to pay based on the facts known at the outset of the case, no matter how likely it is that the insured will be found liable and whether or not the insured is ultimately found liable. *King Construction, Inc. v. Continental Western Ins. Co.*, 123 S.W.3d 259, 264 (Mo. Ct. App. 2003). To extricate itself from a duty to defend the insured, the insurance company must prove that there is no possibility of coverage. *Id.* Coverage is principally determined by comparing the language of the insurance policy with the allegations in the pleadings. *Id.* Where there is no duty to defend, there is no duty to indemnify. *Id.*

An insured bears the burden of showing that a loss and damages are covered under an insurance policy. *American States Ins. Co. v. Herman C. Kemper Construction Co., Inc.*, 71 S.W.3d 232, 235 (Mo. Ct. App. 2002) (citing *American States Ins. Co. v. Mathis*, 974 S.W.2d 647, 649 (Mo. Ct. App. 1998)). However, with respect to the applicability of the exclusions, the insurance company seeking to avoid coverage by reason of a policy exclusion has the burden of proving the applicability of that exclusion. *State Farm Fire & Casualty v. D.T.S.*, 867 S.W.2d 642 (Mo. Ct. App. 1993).

The general rules for interpretation of contracts apply to the interpretation of an insurance policy. *Peters v. Employers Mutual Casualty Co.*, 853 S.W.2d 300, 301-302 (Mo. banc 1993). If the language of the policy is ambiguous, it is construed against the insurer. *Id.* at 302. However, construction of insurance policies is unnecessary when the policy provision is clear and unambiguous. *State Farm Mutual Auto Ins. Co. v. Balmer*, 899 S.W.2d 523, 525 (Mo. banc 1995). When the language of a policy is unequivocal, it should be given its plain meaning, even if it restricts coverage. *Jasper v. State Farm Mutual Auto Ins. Co.*, 875 S.W.2d 954, 956-957 (Mo. Ct. App. 1994).

Here, the plain language of the insurance policy excludes coverage for "bodily injury" for which the insured is "held liable by reason of...(1) causing or contributing to the intoxication of any person; [or] (2) The furnishing of alcoholic beverages to a person...under the influence of alcohol." Roberts and Fox's claim against American Legion seeks to hold American Legion liable for those very acts with respect to Mr. Steele. The policy thus excludes from coverage any claim American Legion may (or did) make under its insurance policy with Nautilus for coverage related to claims brought by Regina Roberts and Derek Fox. Missouri courts have upheld provisions like the Nautilus policy's Liquor Liability exclusion in situations similar to this one. *See, e.g.*, *Auto Owners (Mut.) Ins. Co. v. Sugar Creek Memorial Post. No. 3976*, 123 S.W.3d 183, 190 (Mo. Ct. App. 2003). Notably, defendants Roberts and Fox have not filed a memorandum in opposition to plaintiff's motion for summary judgment. It is also pertinent that, although defendant American Legion is in default, that defendant American Legion's current Adjutant and former Commander, Jim Huffman, provided the affidavit on which plaintiff relies for many of its facts regarding American Legion's business.

No party has opposed plaintiff's motion for summary judgment, and the insurance policy makes clear that it excludes any claim for indemnification related to Roberts and Fox's state court action. As a result, plaintiff is entitled to the declaratory judgment it seeks.

**IV.     Conclusion**

Plaintiff Nautilus's insurance policy with American Legion excludes coverage for the claim brought against American Legion by Regina Roberts and Derek Fox.  Summary judgment shall be granted to plaintiff and against defendants.

Dated this   8th   day of April, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE